*429
 
 Ruffin, C. J.
 

 The decision of his Honor was perfectly correct; and, indeed, was in conformity with the opinion given by this court upon the former appeal. We thought, that the natural and grammatical sense of the last sentence in the plaintiff’s letter imported, that the “ written agreement” extended both to Clark’s property, (as admitted to be by the plaintiff) that was sold, and also to these castings, which the plaintiff claimed to be his own property; and, therefore, that, without some explanation, parol evidence could not be given: of the contract between the plaintiff and Clark, touching the castings. But it is obvious, that the sense of that part of the letter would be much varied by punctuation, in which it is deficient ; for by a semi-colon after the word “ sold,” it would be made to mean that the •Writing concerned certain other property of Clark; and, as to the castings, the latter branch of the sentence would be simply an affirmation, that they were sent by the plaintiff. For that reason it was distinctly intimated by the dourt, that the question was open to evidence'of the true nature and extent of the writing; and that, if it really did not extend to the castings, then Clark’s testimony would be competent. Such evidence was given on the second trial, probably by the production of the writing itself, or by somb other sufficient means; and the court was satisfied, that in point of fact, there was no written agreement respecting the eastings ; and, consequently,- it was competent to prove the parol contract.
 

 Pee. Curiam,- Judgment affirmed?-